**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TANYA BROWN, | ) | CASE NO. 5:16-CV-1573 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. (Docket #17). Plaintiff Tanya Brown challenges the final decision of Defendant Commissioner of Social Security, denying her application for Disability Insurance Benefits (DIB), a Period of Disability (POD) and Supplemental Social Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 416(i), 423, 1381 *et seq*. Magistrate Judge Ruiz found that the Administrative Law Judge applied the appropriate legal standards in his Report to which Ms. Brown timely filed her objections. (Docket #18). For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

**PROCEDURAL HISTORY**

On May 3, 2013, Brown applied for POD and DIB, and she applied for SSI benefits on May 31, 2013. (R. 12, PageID #: 66, 265.) Brown stated that she became unable to work because of her disabling condition on May 3, 2013. (Id. at 265, 232, 234, 66.) Brown listed her physical or mental conditions that limit her ability to work as: "Bi-polar/mood disorder with psychotic 2 features." (R. 11, PageID #: 269.) Brown's applications were denied initially and upon reconsideration. (R. 12, PageID #: 128-149, 150-173.) She requested a hearing before an Administrative Law Judge (ALJ). (*Id*. at 189-190.) The ALJ convened a hearing on April 14, 2015, to hear Brown's case. (*Id*. at 82-127.) Brown appeared at the hearing, was represented by counsel and testified. (*Id*. at 84.) A vocational expert (VE) attended the hearing and provided testimony. (*Id*. at 84, 119-126.) On May 4, 2015, the ALJ issued his decision concluding that Brown was not disabled, after applying the standard five-step sequential analysis. (R. 12, PageID #: 66-76; see generally 20 C.F.R. §§ 404.1520(a), 416.920(a).) The Appeals Council denied Brown's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. (R. 12, PageID #: 54- 57.) Brown filed a Complaint on June 22, 2016, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (R. 1.) Her fundamental argument is that the ALJ's conclusion lacked the support of substantial evidence to determine that Plaintiff would retain the residual functional capacity to perform a range of unskilled work.

**THE ALJ'S DECISION**

The ALJ made the following findings of fact and conclusions of law in his May 4, 2015, decision:

2

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since May 3, 2013, the alleged onset date (20 CFR 404.1571 et seq. and 416.971 et seq.).

3. The claimant has the following severe impairments: bipolar disorder with psychotic feature, anxiety disorders, and cocaine and marijuana abuse (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant cannot work around unprotected heights or moving mechanical parts. She is limited to performing simple, routine, and repetitive tasks, and can have occasional contact with supervisors, co-workers, and the public.

6. The claimant is capable of performing past relevant work as a Hand Packager, DOT No. 559.687-074, an unskilled job generally performed at the light exertional level, and performed by the claimant at the light exertional level. This work does not require performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 14, 1970, and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 3, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). (R. 12, PageID #: 68-70, 74-76.)

## DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance benefits only when she establishes disability within the meaning of the Social Security Act. See 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. §§ 404.1505(a), 416.905(a)

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." See 20 C.F.R. §§ 404.1520(a), 416.920(a); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Id. § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Id. § 404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Id. § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment

> to other work, in which case the claimant is not disabled. Id. § 404.1520(a)(4)(v).
>
> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004); see also 20 C.F.R. § 416.920(a)(4).

### STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether the ALJ applied the correct legal standards, and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Comm'r of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, that determination must be affirmed. *Wright*, 321 F.3d at 614; Kirk, 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This Court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Wright*, 321 F.3d at 614; *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). The Court, however, may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. See *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## ANALYSIS

This Court conducted a *de novo* review of this case and has considered all of the pleadings, transcripts, and filings of the parties, as well as the Objections to the Report and Recommendation filed by Ms. Brown and the Commissioner's response thereto. After careful evaluation of the record, the Court adopts the Report and Recommendation issued by Magistrate Judge Ruiz to affirm the final decision of the Commissioner.

The Report and Recommendation responds to and addresses Brown's initial concerns with the ALJ's findings. Brown argued that the ALJ lacked substantial evidence to conclude that Plaintiff would retain the residual functional capacity to perform a range of unskilled work. Specifically, she argued the ALJ erred in evaluating her mental impairments, incorrectly weighed three examining and treating opinions of record, incorrectly evaluated GAF scale scores, and erred in relying on evidence of Plaintiff's stability. Magistrate Judge Ruiz was correct in determining that the ALJ's decision is supported by substantial evidence.

Plaintiff's Objection (Docket #18) restates several of the arguments already addressed by Magistrate Judge Ruiz. Her first objection concerns the ALJ's treatment of Global Assessment of Functioning (GAF) scores. *See* Pl. Obj. at 2. However, the ALJ reasonably explained that GAF scores were of limited utility for a number of reasons,

including that they reflected clinician judgment concerning symptoms or mental functioning at a particular point in time (Tr. 21). A GAF score is a "clinician's subjective rating of an individual's overall psychological functioning," that is, a general assessment of an individual's mental functioning. *Kennedy v. Astrue*, No. 06-6582, 2007 WL 2669153, at *5 (6th Cir. Sept. 7, 2007); *Diagnostic & Statistical Manual of Mental Disorders*, 32-34 (American Psychiatric Ass'n, 4th ed. Revised, 2000).

While a GAF score may assist the ALJ in formulating the RFC, it is not raw medical data, and it is not essential to the RFC's accuracy and no particular amount of weight is required to be placed on a GAF score. *Kennedy*, 2007 WL 2669152, at *5; *Howard v. Commissioner*, 276 F.3d 235, 241 (6th Cir. 2002); *Johnson v. Commissioner*, No. 12-2249, 2013 WL 5613535, at *10 (6th Cir. Oct. 15, 2013). Because the GAF scale is understood to lack any "direct correlation to the severity requirements of the mental disorders listings", Mag. R&R at 20, the ALJ reasonably assigned only "some weight" to the GAF scores. This Court does not find any error in the ALJ's analysis and the Magistrate Judge was correct in finding that the ALJ's findings was supported by substantial evidence.

Plaintiff's second objection asserts that the ALJ improperly relied on evidence in improvement in her condition without conducting an adequate inquiry. Specifically, she argues that the ALJ relied on the "mere fact that treatment was helping" without considering her "overall state." See Pl. Obj. at 3 (quoting *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 326 (6th Cir. 2015)). Magistrate Judge Ruiz thoroughly addresses the ALJ's consideration of numerous facts and testimony, including Plaintiff's own testimony,

correctly finding that the ALJ was supported by substantial evidence in asserting that Ms. Brown's condition improved.

## CONCLUSION

The Court has reviewed the entire record in this case and finds the decision of the Commissioner to be supported by substantial evidence. The Court, therefore, adopts the Report and Recommendation in its entirety. The Social Security Administration's final decision denying Ms. Brown's application for Disability Insurance Benefits, a Period of Disability and Supplemental Social Security Income is hereby AFFIRMED.

IT IS SO ORDERED.

                                                                                                                    _/s/Donald C. Nugent_
                                                                                                                    DONALD C. NUGENT
                                                                                                                    United States District Judge

DATED:  _July 25, 2017_